FILED

2015 AUG 13 AM 11:32

TH

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUANJA EDWARD ANDERSON, CDCR #V-28811,<br><br>                          Plaintiff,<br><br>vs.<br><br>ALAN HERNANDEZ, Assoc. Warden; M. STOUT, Captain; R. DAVIS, Correctional Officer; BUSTOS, Correctional Officer; HEDDY, Correctional Officer; S. MILLER, Correctional Officer; CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>                          Defendants. | Civil No.   15cv0993 BEN (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR DETERMINATION BY DISTRICT JUDGE**<br>**(ECF Doc. Nos. 3, 5)**<br><br>**(2) DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**<br>**(ECF Doc. Nos. 2, 11)**<br><br>**AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

Plaintiff Tuanja Edward Anderson, currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Doc. No. 1.) Plaintiff claims that the California Department of Corrections and Rehabilitation ("CDCR") and

several correctional officials at Richard J. Donovan Correctional Facility failed to provide him reasonable accommodations under the Americans with Disabilities Act, failed to protect him from a cell-mate who sexually assaulted him, and later denied him dental supplies after he reported the incident. (*See* Compl. at 4-6.) He seeks injunctive relief as well as $15,850,000 in general and punitive damages. (*Id.* at 8.)

Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF Doc. No. 3.) In addition, Plaintiff seeks the appointment of counsel (ECF Doc. Nos. 2, 11), and requests that a district judge be assigned to conduct all proceedings pursuant to CivLR 72.3 (ECF Doc. No. 5).

## I.     Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff submitted a certified copy of his trust account statement, as well as a certificate of funds issued by an accounting executive at SVSP. The Court has reviewed Plaintiff's certificate and his trust account statements, and they show no average monthly balance, no average monthly deposits, and no current available funds in his account over the six-month period preceding the filing of his Complaint.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no initial partial filing fee. However, the entire $350 balance of the filing fee owed must be collected by the CDCR and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Motions for Appointment of Counsel

Plaintiff also filed two separate motions requesting the appointment of counsel to assist him because he is indigent, in custody, disabled, has limited access to legal resources, and little knowledge of the law. (*See* ECF Doc. Nos. 2, 11.)[2]

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1),

---

[2] Plaintiff's second motion also requests "equitable tolling" and cites 28 U.S.C. § 2254(h). (*See* ECF Doc. No. 11 at 1.) Section 2254(h) is inapplicable because Plaintiff has not filed a habeas petition and his Complaint does not challenge the constitutionality of his conviction or sentence. Instead, he has filed a civil rights action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. A prisoner in state custody may not use a section 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). He must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489).

district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court **DENIES** Plaintiff's Motions without prejudice because, as discussed below, it appears Plaintiff is capable of articulating the factual basis for his claims, and his likelihood of success on the merits is not at all yet clear. Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III. Screening of Complaint per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons and prisoners proceeding IFP "as soon as practicable after docketing." 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Id.*

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pled, the Court finds Plaintiff's Complaint contains plausible claims for relief which are sufficient to survive the "low threshold" for proceeding past the initial *sua sponte* screening.[3] *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Farmer v. Brennan*, 511 U.S. 825, 832-33, 837 (1994) (Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, and has been interpreted to include the affirmative duty to protect prisoners from serious risks of harm); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."). Accordingly,

---

[3] Plaintiff is cautioned that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

the Court will direct the U.S. Marshal to effect service upon the Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

## IV. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP and his Motion for District Judge.[4]

2. **DENIES** Plaintiff's Motions for Appointment of Counsel without prejudice.

3. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to 20% of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10. ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey A. Beard, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff

---

[4] The Court notes that while Plaintiff consents to magistrate judge jurisdiction in his Complaint, *see* ECF Doc. No. 1 at 8, his Motion requests determination by a district judge. *See* ECF Doc. No. 3. Because his intentions are not clear, the Court will not infer Plaintiff's consent to magistrate judge jurisdiction at this time. *See Wilhelm*, 680 F.3d. at 1118-21 (discussing circumstances under which consent to magistrate judge jurisdiction may be implied). Nevertheless, pursuant to S.D. CAL. CIVLR 72.3(e), the assigned magistrate judge will hereafter "conduct all necessary hearings and submit proposed findings of fact and recommendations for the disposition of all motions excepted from the magistrate judge's jurisdiction by 28 U.S.C. § 636(b)(1)(A)."

with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Once he receives this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States.

7. **ORDERS** Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

8. **ORDERS** Plaintiff to serve upon Defendants or, if an appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document he wishes the Court to consider. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

DATED: August 2, 2015

HON. ROGER T. BENITEZ
United States District Judge