1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11    TUANJA EDWARD ANDERSON,                    Case No.:  3:15-cv-00993-BEN-BLM

12                              Plaintiff,
                                               **ORDER:**
13    v.

14    A. HERNANDEZ, et al.,                      **(1) ADOPTING REPORT AND
                                                 RECOMMENDATION;**
15                              Defendants.

16                                               **(2) GRANTING IN PART
                                                 DEFENDANTS' MOTION TO
17                                               DISMISS;**

18                                               **(3) DENYING DEFENDANTS'
19                                               MOTION FOR SUMMARY
                                                 JUDGMENT FOR FAILURE TO
20                                               EXHAUST ADMINISTRATIVE
                                                 REMEDIES; AND**
21

22                                               **(4) DENYING PLAINTIFF'S
23                                               MOTION TO BE TRANSFERRED
                                                 TO ANOTHER INSTITUTION**
24

25
            Plaintiff Tuanja Edward Anderson, a state prisoner proceeding *pro se* and *in forma*
26
*pauperis*, brought this action under 42 U.S.C. § 1983 for violations of the Americans with
27
Disabilities Act ("ADA") and the Eighth Amendment.  Defendants filed a motion to
28

1

1   dismiss the Complaint (ECF No. 23) and for summary judgment for failure to exhaust

2   administrative remedies (ECF No. 24).  Plaintiff filed a motion requesting transfer to

3   another institution.  (ECF No. 34.)

4       On June 20, 2016, the Honorable Barbara L. Major, United States Magistrate

5   Judge, issued a thorough and thoughtful Report and Recommendation ("R&R") in which

6   she recommended (1) granting in part and denying in part Defendants' motion to dismiss,

7   (2) denying Defendants' motion for summary judgment, and (3) denying Plaintiff's

8   motion to be transferred to another institution.  (ECF No. 37.)  Defendants object to the

9   R&R's recommendation to deny Defendants' motion for summary judgment on the

10  ground that Plaintiff failed to exhaust his administrative remedies.  (ECF No. 38.)

11  Plaintiff replied to Defendants' Objections.  (ECF No. 39.)

12      Where a timely objection to a report and recommendation has been filed, the

13  district court reviews *de novo* those portions of the report or specific proposed findings or

14  recommendations to which an objection was filed.  28 U.S.C. § 636(b)(1).  This Court

15  has carefully reviewed the R&R, Defendants' Objections, Plaintiff's Reply, and the

16  remainder of the record in this matter and **ADOPTS** the R&R in full.

17  **I.    LAW GOVERNING EXHAUSTION OF ADMINISTRATIVE REMEDIES**

18      The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust

19  "available administrative remedies" before bringing an action with respect to prison

20  conditions.  42 U.S.C. § 1997e(a).  The proper procedural device to determine whether

21  administrative remedies have been exhausted is a summary judgment motion.  *Williams*

22  *v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino v. Baca*, 747 F.3d 1162,

23  1168 (9th Cir. 2014)).  To prove a failure to exhaust, the defendant "must first prove that

24  there was an available administrative remedy and that the prisoner did not exhaust that

25  available remedy."  *Id.*  "Then, the burden shifts to the plaintiff, who must show that

26  there is something particular in his case that made the existing and generally available

27  administrative remedies effectively unavailable to him by 'showing that the local

28  remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously

2

1   futile.'" *Id.* (internal citation omitted).  The ultimate burden of proof, however, remains

2   with the defendant. *Id.*

3       If undisputed evidence viewed in the light most favorable to the prisoner shows a

4   failure to exhaust, the defendant is entitled to summary judgment under Federal Rule of

5   Civil Procedure 56. *Albino*, 747 F.3d at 1166.  If material facts are disputed, summary

6   judgment should be denied. *Id.*

7   **II.    DISCUSSION**

8       The Court has reviewed Defendants' objections and the record in this case, and

9   overrules each objection.

10      Defendants first argue that Plaintiff's claims under the ADA and for deliberate

11  indifference to medical needs have not been exhausted.  Relatedly, they oppose the

12  R&R's conclusion that Defendants did not present any evidence establishing what, if any,

13  administrative remedies and processes were available to Plaintiff at the various prisons

14  and psychiatric facilities where he was housed or whether he was provided access to

15  writing materials and the relevant prison forms at all times during his treatment in each of

16  the facilities.

17      The R&R found that there is a genuine issue of material fact as to whether Plaintiff

18  had meaningful access to the administrative remedy process during the relevant times at

19  the relevant facilities.  Having considered the R&R, Defendants' Objections, and the

20  record, the Court agrees with the R&R.  Defendants did not establish "the extent of the

21  availability of the administrative process during [Plaintiff's] placement in a mental health

22  crisis bed, suicide watch, and Plaintiff's subsequent recovery." *Millner v. Biter*, No. 13-

23  cv-2029, 2016 WL 110425, at *6 (E.D. Cal. Jan. 11, 2016).  Genuine disputed issues of

24  material fact exist as to whether the administrative remedies were "effectively

25  unavailable" to Plaintiff.

26      Defendants also object to the R&R's analysis that there is a genuine issue of

27  material fact as to whether Plaintiff submitted a timely grievance about his deliberate

28  indifference to safety claim, and whether prison officials prevented the grievance from

1    being processed.  The Court again overrules Defendants' objection.  Plaintiff's sworn

2    statements in his declaration and Complaint are evidence that he attempted to file a

3    timely grievance with C/O Crawford, and that prison officials made the administrative

4    process unavailable to him.  Defendants' declarations constitute evidence that Plaintiff

5    did not file a timely appeal.  As the R&R noted, "[t]his is clearly a disputed material fact

6    and it is not the Court's province on a motion for summary judgment to make credibility

7    determinations or weigh conflicting evidence with respect to a disputed material fact."

8    (R&R at 38.)

9    **III.    CONCLUSION**

10        The R&R correctly concludes that Defendants have not established that they are

11   entitled to summary judgment on the basis of Plaintiff's failure to exhaust administrative

12   remedies.  Accordingly, Defendants' objections are overruled and the R&R, including the

13   portions to which no objections were made, is **ADOPTED** in its entirety.

14        The Court orders as follows:

15        Defendants' motion to dismiss is **GRANTED IN PART.**  Specifically, the Court

16   (1) grants Defendants' motion to dismiss claims against Associate Warden Hernandez but

17   grants Plaintiff leave to amend; (2) grants the motion to dismiss Plaintiff's ADA claim

18   against Defendants Stout and Hernandez in their individual capacities and dismisses the

19   individual capacity claims with prejudice; (3) grants the motion to dismiss the ADA

20   claim but grants Plaintiff leave to amend to state a claim against the California

21   Department of Corrections and Rehabilitation; (4) grants the motion to dismiss Plaintiff's

22   claim for deliberate indifference to safety against Defendants Heddy, Davis, and Bustos

23   but grants Plaintiff leave to amend; and (5) grants the motion to dismiss Plaintiff's claim

24   for deliberate indifference to his medical needs against Defendants Heddy, Davis, Bustos,

25   and Miller but grants Plaintiff leave to amend.

26   / / /

27   / / /

28   / / /

1    Defendants' motion for summary judgment is **DENIED**.

2    Plaintiff's motion to be transferred to another institution is **DENIED**.

3    **IT IS SO ORDERED.**

4

5  Dated: August 29, 2016

6  _____
   Hon. Roger T. Benitez
7  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:15-cv-00993-BEN-BLM