UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUANJA EDWARD ANDERSON,<br><br>                                Plaintiff,<br><br>v.<br><br>A. HERNANDEZ, et al.,<br><br>                              Defendants. | Case No.: 3:15-cv-00993-BEN-BLM<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER** |

      Plaintiff Tuanja Edward Anderson, a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 for violations of the Americans with Disabilities Act ("ADA") and the Eighth Amendment. Before the Court is Plaintiff's Request for a Temporary Restraining Order ("TRO"). (Mot., ECF No. 48.)

      In Plaintiff's motion, he claims that he is "suppose [sic] to have daily access to the library or the computer," but prison staff "refuse [to give him] access to the library or computer." (Mot. at 1.) Additionally, Plaintiff does not have "sufficient knowledge on how to use the computer," and staff do "not know how to use it either." (*Id.*) He requests "10 hours a week in a physical law library for research, preparing and submittal, and photocopying documents consistent with litigation in this matter." (*Id.*)

      The purpose of a TRO is to preserve the *status quo* before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent

irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a TRO is restricted to its "underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). As such, an applicant for a TRO is required to demonstrate "immediate and irreparable injury, loss or damage." Fed. R. Civ. P. 65(b); *see also Caribbean Marine Serv. Co., Inc. v. Baldrige,* 844 F.2d 668, 674 (9th Cir. 1988).

The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Under the traditional test, a party must establish that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted). Alternatively, a Court may issue injunctive relief when Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury" *or* that "serious questions are raised and the balance of hardships tips sharply in his favor." *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1092 (9th Cir. 2005).

This matter has already proceeded past the motion to dismiss stage, and the only pending motion is Plaintiff's Motion for Appointment of Counsel. (ECF No. 46.) Therefore, there are no pending motions that require a response by Plaintiff. Moreover, there is no indication by Plaintiff whether he will allegedly continue to be denied access to the library and computer. Based on these considerations, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 4, 2016

Hon. Roger T. Benitez
United States District Judge