UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TUANJA EDWARD ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>A. HERNANDEZ, et al.,<br><br>Defendants. | Case No.: 15cv993-BEN (BLM)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 46]** |
|---|---|

On October 5, 2016, Plaintiff signed a "Request for Appointment of Counsel," which the Court accepted on discrepancy on October 20, 2016. ECF Nos. 45, 46. In support, Plaintiff alleges that he is legally blind and is housed in a mental facility where he is receiving "treatment for PTSD because of issues related to this action." ECF No. 46 at 1-2. Plaintiff also contends that the issues in this case are complex, and that he lacks knowledge, education, and legal resources to represent himself. See id.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts have the

authority to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court notes that on August 13, 2015, the District Judge denied Plaintiff's two motions to appoint counsel. ECF No. 12 at 1, 3-4; see also ECF Nos. 2 & 11. In his initial motions Plaintiff argued that the appointment of counsel was warranted because he was disabled, indigent, in custody, and had limited access to legal resources and limited knowledge of the law. See ECF Nos. 2 & 11. The District Judge found that Plaintiff was capable of articulating the factual basis for his claims, that Plaintiff's likelihood of success on the merits was not clear, and that neither the interests of justice nor any exceptional circumstances warranted the appointment of counsel. ECF No. 12 at 4.

Plaintiff's cited reasons for the appointment of counsel in this motion parallel those asserted in his prior motions. See ECF Nos. 2 & 11. Having reviewed Plaintiff's additional arguments, the Court finds that they do not present a basis for reversing the Court's prior decision. Since the District Judge's denial of Plaintiff's initial requests to appoint counsel, Plaintiff has drafted and submitted oppositions to Defendants' motion for summary judgment and motion to dismiss Plaintiff's complaint [ECF Nos. 28, 29, 32], a motion for injunction [ECF No. 34], a reply to this Court's Report and Recommendation [ECF No. 39], a First Amended Complaint [ECF No. 42], a motion for temporary restraining order [ECF No. 48], and change of address notices [ECF No. 22, 27, 36]. The above documents indicate that Plaintiff is able to adequately articulate

the factual and legal basis of his claims and the Court notes that his pending First Amended Complaint is comprehensible.  See id.  Plaintiff's claims do not appear to be particularly complex and Plaintiff to date has sufficiently articulated his claims and legal arguments without counsel. Accordingly, the Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel. See Agyeman, 390 F.3d at 1103; Wilborn, 789 F.2d at 1331.

**IT IS SO ORDERED.**

Dated:  11/17/2016

Hon. Barbara L. Major
United States Magistrate Judge